RECEIVED
IN MONROE, LA.
JUN 2 8 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHARLES TAYLOR<br>LA. DOC # 229964 | CIVIL ACTION NO. 3:11-cv-0323 |
| VERSUS | SECTION P |
| OWNER, LOUISIANA CORRECTIONAL<br>SERVICE, INC. | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE HAYES |

## RULING

*Pro se* plaintiff Charles Taylor, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 24, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He complains of conditions of confinement and issues that arose when he was incarcerated at the Caldwell Corrections Center, although he has since been transferred to the South Louisiana Correctional Center.

On May 17, 2011, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 9] in which she recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

On May 31, 2011, the Clerk of Court received and filed Plaintiff's Written Objection [Doc. No. 10]. Plaintiff does not raise specific objections or cite any error in the Magistrate Judge's Report and Recommendation. Instead, Plaintiff complains that he is unable to lodge appropriate objections to the Report and Recommendation because he is in need of the advice and legal expertise of an attorney and contends that he is entitled to appointment of counsel. Plaintiff is incorrect. He is

entitled to appointment of counsel to represent him in criminal, not civil, matters. A civil rights action is a civil matter.

In a § 1983 case, Congress has not specifically authorized courts to appoint counsel for a plaintiff. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. The United States Supreme Court in the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814 (1989), held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not authorized under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989); *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985) ("Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present."). No precise definition of "exceptional circumstances" is available, but the United States Court of Appeal for the Fifth Circuit has provided a litany of factors for lower courts to consider in making this determination. For example, the district court should consider (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and (4) the likelihood that

appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See, Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also, Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf because plaintiffs are not excused from making efforts to procure counsel on their own. *See, Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213.

Plaintiff initiated this action to vindicate his civil rights. He possesses first hand knowledge of the facts which form the basis of this action. Plaintiff experienced no significant difficult in filing his Complaint and recounting the facts to the Court prior to issuance of the Report and Recommendation. Finally, Plaintiff has not indicated that he made any attempt to procure counsel on his behalf. Thus, applying the relevant factors and the record in this case, Plaintiff's motion for appointment of counsel contained in his Written Objection is DENIED.

Having fully reviewed the record in this matter, including Plaintiff's Written Objection, the Court agrees with and hereby ADOPTS the Magistrate Judge's Report and Recommendation, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this __28__ day of June, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE